## DAMAGES FOR WRONGFUL DEATH OF A CHILD.

Circuit Court of Lucas County.

The Toledo Railways & Light Company v. Cornelius Wettstein, Administrator. *

Decided, February 24, 1908.

*Child Run Down by Street Car—Weight of Evidence as to Negligence of Motorman—Unprejudicial Errors in Charge of the Court—Mistake in Statement by the Court as to the Number or Identity of Beneficiaries Not Material.*

1. Running down a six-year-old girl, who fell upon the track 150 to 200 feet ahead of a street car, before she could recover from her fall, indicates negligence in operation, either in running the car at a reckless rate of speed, or inattention on the part of the motorman if he was running at reasonable speed; and proof that he did not cut out the power or apply the brakes until after passing over the child or until signaled by the conductor to stop at a regular place for passengers to alight, in the absence of a reasonable account by the motorman of the cause of the accident warrants a verdict against the company.

2. The use by the court, in his instructions to the jury as to determination of damages, of the word "peculiar" as applied to injury resulting from the death of a six-year-old child by negligence, where qualified or defined in other parts of the charge relating to the same subject as "pecuniary" injuries, is not necessarily or presumably prejudicial.

3. Under Revised Statutes, 6135 (General Code, 10772), prescribing the bringing of actions for death by wrongful act, the apportionment of damages therefor is of no concern or interest to the negligent party against which damages are recovered; and it follows, therefore, that an instruction to the jury in such a case to take into consideration the money value of the services of a child to the father, mother and next of kin, although erroneous as to the "next of kin," is not prejudicial in that nobody but the father, and in some contingencies, the mother, have any pecuniary interest in such services. The jury should allow the full value for such services, and it is not to be supposed that in apportioning the damages they

---

\* Affirmed, without opinion, *Toledo Railways & Light Co. v. Wettstein, Admr.*, 79 Ohio State, 439.

would multiply the value of the services by the number of bene-
ficiaries.

4. A verdict of $1,000 for the death of a six-year-old girl, large of her
age and bright and active, and a helper in a large family of moder-
ate means where all were expected to assist, is not excessive.

*Smith & Baker*, for plaintiff in error.
*O. W. Nelson*, contra.

PARKER, J.; WILDMAN, J., and HAYNES, J., concur.

This action in the court below was by the defendant in error
against the plaintiff in error and was for damages on account
of the death of Louisa Wettstein, caused, as alleged, by the negli-
gent action of the motorman of the Toledo Railways & Light
Company, in running a car whereby it ran down Louisa
Wettstein and killed her. She was a child about six
years of age. She appears to have been large of her age and
bright and active, and as a helper in the family, which
was a family of moderate means, where all helped—as helpful
as could be expected of a child of her age. The jury found
that the defendant company was guilty of negligence as charged
and brought in a verdict in favor of the plaintiff for one thou-
sand dollars. It is urged that this verdict is against the weight
of the evidence, that it is excessive, and that there is error in
the charge of the court—those are the principal errors relied upon
by counsel for the plaintiff in error in argument in this court.

I shall not take time to discuss the facts. We have examined
the case carefully and we conclude that the evidence warrants
the verdict; that it fairly appears from this evidence that the
motorman was negligent, either in running his car so fast that
he could not bring it to a stop after he saw the child on the track
—although the child was far enough away so that he could have
stopped if he had been running his car at a reasonable rate of
speed in the city. (In other words, if he saw the child and at-
tempted to stop the car, the accident then must have been due
to the fact that he was running at a reckless rate of speed in a
city street, and, therefore, was not able to stop his car in time.)
Or he must have been negligent, and the jury must have found

that he was negligent, in that he was inattentive and did not observe the child upon the street. The testimony tends to show that the child was crossing over the street and fell down upon the car track, anywhere from 150 to 200 feet in advance of the car, and that the car came on at a rapid rate of speed, and before the child could recover, regain her feet and get off the track, the car struck and crushed her. The evidence tends to show that the motorman did not cut out the power and apply the brake until after the child was struck or about the time the child was struck.

We think it was a fair inference from all the evidence in the case that the motorman did not in fact see the child on the track before it was struck—that he was not aware that anything unusual had occurred until after he had passed over the child. About that time he cut out the power and applied the brakes, but this appears to have been done in pursuance of a signal from the conductor to stop, that a passenger might alight, and he in fact stopped his car at the regular place of stopping after crossing over the street beyond where the child was struck and at which crossing the conductor had signalled him to stop the car. Upon one or other of these theories his action may be explained, and upon either theory, he was guilty of negligence. We think the account of the motorman of how the accident occurred, is not such a reasonable account as should control a jury. The jury evidently did not place much reliance upon it, and we think they were warranted in not placing reliance upon it. So that we find that the verdict is not against the weight of the evidence; we think that it is fairly supported by the evidence; and it does not appear thus to be excessive.

The complaint of the charge has reference to what the court said about the measure of damages, or as to the grounds and accounts upon which damages sometimes may be allowed. I will read that part of the charge:

"The statute provides that in every action the jury may give such damages, not exceeding in any case ten thousand dollars, as they may think proportioned to the peculiar injury resulting from such death to the persons respectively for whose benefit such action shall be brought."

Complaint is made of the use of the word "peculiar." We think it quite likely that that is a typographical error; but it stands in the record and we must regard it as a part of the language used by the court. But it is not apparent to us that, if there is any error in this, it could have been prejudicial to the plaintiff in error. The court proceeds to point out more particularly what the injury is on account of which damages may be allowed, and therefore, if the word "peculiar" required any definition or explanation, the jury might have found it in the language of the court. The court proceeds:

"The persons in this action for the benefit of whom this action is brought are the father, the mother, the brother and the sisters. They are the next of kin. The jury may give such damages as they think proportioned to the pecuniary injury resulting from such death."

Now that appears to have been written by the typewriter "peculiar" and changed to "pecuniary," and where the word "peculiar" occurs above; perhaps it should be changed also. The court now says:

"The pecuniary injury resulting from such death is the money value of the services of the little girl to the next of kin, the father, mother and next of kin. This would exclude generally all damages in the way of the mental pain and suffering over the death of the little girl and it would exclude all damages in the way of punishment of the defendant. There is no claim here that the motorman willfully and wickedly ran into and killed the little girl. The only claim is, he negligently killed the little girl and there should be no damages in the way of punishment to the defendant, for any acts of the motorman or as a warning to other motormen, but whatever after consideration of the age of the little girl and her health and expectancy of life and the uncertainty of life. The fact that when she reaches a certain age she might have a family of her own. Take into consideration all the facts and circumstances and then award such judgment and such value as you deem proportioned to the pecuniary injury resulting from her death, the money loss."

Now we think it was made entirely plain to the jury that there was nothing to be added on account of some further *peculiar* in-

jury that the court had not explained to the jury, but he says, and puts it very definitely and clearly, that it is only this *pecuniary* injury that is to be considered.

But complaint is made of this charge because it has said to the jury that they are to take into consideration the money value of the services of the little girl, to the next of kin—to the father and the mother and the next of kin; and it is said—and it is doubtless true—that at the time of the death of the little girl nobody had any pecuniary interest in her or her services but the father, and in certain contingencies, the mother might have had, but the next of kin, the brothers and sisters, could not have had, in any event, any interest in the services of the little girl; they were not entitled to her services; but the father was entitled to all her services until she reached her majority, and since he he was entitled to all of her services, and therefore was entitled to have a verdict returned for the full value of her services as they might be estimated by the jury, we can not see that any prejudice resulted to the plaintiff in error from the suggestion that the brothers and sisters might be entitled to participate in this recovery. The jury could allow no more than the value of the little girl's services; they could not multiply the value of her services because that value might have been supposed by them to be something to be divided amongst many persons; it would be the value of her services, no more and no less, whether received by the father or the father and mother or by them and others. The court was evidently in error in the suggestion that the others of the next of kin would be entitled to participate in the recovery, but as I have said, we can not see that this was prejudicial to the plaintiff in error. The jury had nothing whatever to do with the apportioning of the damages among the next of kin in whose behalf the suit was brought. The court of common pleas had nothing to do with it. The statute allowing the. right to recover provides that it shall be done by the probate court. Section 6135, Revised Statutes (General Code, 10772) reads:

"Every such action shall be for the exclusive benefit of the wife or husband, and children, or if there be neither of them, then of

the parents and next of kin of the person whose death shall' be so caused.''

And it states how the suit shall be brought and that the damages shall not in any case exceed $10,000, or such amount as the jury ''may think proportioned to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall be brought.'' And further along in the section it provides that the amount of the recovery, whether received through a suit or settlement, ''shall be apportioned among the beneficiaries, unless adjusted between themselves, by the court making the appointment in such manner as shall be fair and equitable, having reference to the age and condition of such beneficiaries and the laws of descent and distribution of personal estates, left by persons dying intestate.'' How this amount shall be divided, whether the father shall waive his right and allow some part of it to go to others, next of kin, is a matter of no concern or interest to the plaintiff in error. The suit might well have been brought perhaps without mentioning any others of the alleged beneficiaries than the father, if it turns out from the evidence that he was the only one really entitled to the avails of the judgment.

Finding that there was no prejudice in the erroneous statement or suggestion, there is, therefore, no ground for reversing the judgment. We find no prejudicial error such a would justify a reversal of the judgment and therefore it will be affirmed.